**THE HOLTZ FIRM**
Michael D. Holtz (Bar No. 149616)
mholtz@theholtzfirm.com
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367-4911
Telephone: (310) 464-1088
Facsimile: (323) 206-5535

Attorneys for Defendant
NICK CARTER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL MEREWHUADER, CHRISTOPHER POLITE, and TIM VIANE, Individually and on Behalf of All Other Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAFEMOON, LLC, SAFEMOON US, LLC, SAFEMOON CONNECT, LLC, SAFEMOON LTD, SAFEMOON PROTOCOL LTD, SAFEMOON MEDIA GROUP LTD, BRADEN JOHN KARONY, JACK HAINES-DAVIES, RYAN ARRIAGA, SHAUN WITRIOL, HENRY "HANK" WYATT, JAKE PAUL, NICK CARTER, DeANDRE CORTEZ WAY, BEN PHILLIPS, and MILES PARKS McCOLLUM, <br><br> Defendants. | Case No. 2:22-cv-01108-SVW-MRW <br><br> Assigned to Hon. Stephen V. Wilson <br><br> **DEFENDANT NICK CARTER'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** <br><br> Complaint filed:   February 17, 2022 |

Defendant NICK CARTER ("Defendant") hereby submits his Answer to the Complaint ("Complaint") filed by Plaintiffs BILL MEREWHUADER, CHRISTOPHER POLITE, and TIM VIANE, Individually and on Behalf of All Other Similarly Situated ("Plaintiffs") as follows:

1.      Defendant admits the allegations in the first sentence in paragraph 22 of the Complaint.  Defendant denies the allegations in the second sentence in paragraph 22 of the Complaint.

2. To the extent that the term "Promoter Defendants" as used in paragraphs 4, 49, 53, 92, 115-fn. 85, 166, 172, 187, 192, 193, 202, 203 and 204 of the Complaint refers to Nick Carter, Defendant denies the allegations. To the extent that the term "Promoter Defendants" as used in paragraphs 4, 49, 53, 92, 115-fn. 85, 166, 172, 187, 192, 193, 202, 203 and 204 of the Complaint refers to persons other than Nick Carter, Defendant lacks sufficient information or belief to admit the allegations, and on that basis denies the allegations.

3. To the extent that the term "Promoter Defendants" as used in paragraph 50 of the Complaint refers to Nick Carter, Defendant admits the allegations. To the extent that the term "Promoter Defendants" as used in paragraph 50 of the Complaint refers to persons other than Nick Carter, Defendant lacks sufficient information or belief to admit the allegations, and on that basis denies the allegations.

4. Defendant admits the allegations in paragraph 83 of the Complaint that he posted a video on Twitter of a rocket heading to the moon with a picture of his face in the window with the caption: "It's time for blastoff #SAFEMOON." Defendant denies the remaining allegations in paragraph 83 of the Complaint.

5. Except as expressly admitted or denied herein, Defendant lacks sufficient information or belief to admit the remaining allegations in the Complaint, and on that basis denies the allegations.

FURTHER, AS SEPARATE AFFIRMATIVE DEFENSES to each cause of action in the Complaint, Defendant is informed and believes, and on such information and belief, alleges as follows:

## **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Cause of Action)**

1. Plaintiffs have failed to state a cause of action upon which relief may be granted against Defendant.

/ / /

/ / /

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Willful Violation)**

2.      Defendant is not liable in whole or in part to Plaintiffs because Defendant's alleged acts were non-willful.

**THIRD AFFIRMATIVE DEFENSE**

**(Estoppel)**

3.      Plaintiffs have engaged in certain conduct as a result of which Plaintiffs are barred, in whole or in part, from obtaining the relief sought in the Complaint or pursuing a recovery from Defendant based on the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4.      Plaintiffs are barred in whole or in part from obtaining the requested relief sought in the Complaint or pursuing a recovery from Defendant based on the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

5.      Plaintiffs have waived all or part of any right to obtain the relief they seek.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

6.      Defendant is not liable for any purported damages alleged in the Complaint for the reason that any such damages are not the direct or proximate result of any act or omission of Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

7.      Plaintiffs' claims for relief are barred in whole or in part because any conduct allegedly engaged in by Defendant was undertaken in good faith and/or with good cause.

## EIGHTH AFFIRMATIVE DEFENSE

**(Mistake of Fact)**

8. Plaintiffs' claims for relief are barred in whole or in part due to a full or partial mistake of fact.

## NINTH AFFIRMATIVE DEFENSE

**(No Damages)**

9. Plaintiffs have suffered no damages by virtue of any acts, omissions, events or occurrences stated in its Complaint, whether or not attributable to Defendant.

## TENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

10. Assuming, without admitting, that Plaintiffs have suffered any injury or damage, Plaintiffs failed to take reasonable steps to avoid injury or to mitigate any damages allegedly suffered as a result of any acts or omissions of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

11. Plaintiffs' alleged claims are barred by the applicable statute(s) of limitation.

## TWELFTH AFFIRMATIVE DEFENSE

**(No Statutory Damage)**

12. Plaintiffs are not entitled to recover statutory damages because Defendant's alleged actions were not willful, intentional or malicious.

## ADDITIONAL AFFIRMATIVE DEFENSES

13. Defendant presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses. Defendant therefore expressly and specifically reserves the right to amend this Answer to add, delete and/or modify affirmative defenses based on legal theories, facts and circumstances which may be or will be divulged through discovery and/or through legal analysis of Defendant in this litigation.

///

**WHEREFORE**, Defendant Nick Carter prays for judgment as follows:

(1) For Plaintiffs to obtain no relief by way of the Complaint against Defendant;

(2) For Plaintiffs' Complaint to be dismissed in its entirety with prejudice;

(3) For attorney's fees and costs of suit if and as permitted by law; and

(4) For such other and further relief as the Court deems just and proper.

Dated:  May 13, 2022

THE HOLTZ FIRM
Michael D. Holtz

By: *Michael Holtz*
Attorneys for Defendant
NICK CARTER

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367-4911.

On the date stated below, I served true copies of the foregoing document(s) described as:

**DEFENDANT NICK CARTER'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

on the interested parties in this action by placing:  **[X] a true and correct copy -OR- [ ] the original document** thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| John T. Jasnoch, Esq.<br>SCOTT+SCOTT ATTORNEYS AT LAW LLP<br>600 W. Broadway, Suite 3300<br>San Diego, CA 92101<br>Tel: (619) 233-4565<br>Email: jjasnoch@scott-scott.com | Attorneys for *Plaintiffs and Proposed Class* |

**[ ]     BY MAIL:**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]     BY ELECTRONIC SERVICE**: I transmitted the foregoing document by electronic mail to the e-mail address listed above per agreement in accordance with Code of Civil Procedures section 1010.6.  The transmission was complete and no error was reported.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 13, 2022 at Woodland Hills, California.

*Michael Holtz*
Michael Holtz